UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIA WILLIAMS,<br><br>      Plaintiff,<br><br>v.<br><br>EXPERIAN and BUREAU OF ACCOUNT MANAGEMENT<br><br>      Defendants. | Civil Action No. 1:18-cv-02561-ARR-PK |

### EXPERIAN INFORMATION SOLUTIONS, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and in answer to the Complaint ("Complaint") of Plaintiff Bria Williams ("Plaintiff"), states as follows:

### INTRODUCTION/PRELIMINARY STATEMENT

1.     In response to Paragraph 1 of the Complaint, Experian admits that Plaintiff has brought this litigation pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 1.

### PARTIES

2.     In response to Paragraph 2 of the Complaint, Experian admits, upon information and belief, that Plaintiff is a natural person.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 2 of the Complaint.

3.     In response to Paragraph 3 of the Complaint, Experian admits that it is involved in

the "practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" within the meaning of 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 and, on that basis, denies generally and specifically, each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, Experian admits that it is incorporated in the State of Ohio with its principal place of business located at 475 Anton Blvd., Costa Mesa, California. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Experian admits that it is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f). Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 and, on that basis, denies generally and specifically, each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, Experian states that the allegations contained in Paragraph 7 are vague and ambiguous and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

8. In response to Paragraph 8 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 7 of the Complaint. To the

extent not already answered, Experian denies, generally and specifically, each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 and, on that basis, denies generally and specifically, each and every allegation contained therein.

10. In response to Paragraph 10 of the Complaint, Experian admits that it received a letter dated November 21, 2016. Experian further states that the document speaks for itself, and Experian denies the allegations in Paragraph 10 to the extent that they are inconsistent with that document. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Experian incorporates its response to Paragraph 10 and states that the letter to Experian dated November 21, 2016 speaks for itself, and Experian denies the allegations in Paragraph 11 to the extent that they are inconsistent with that document. Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11 and, on that basis, denies generally and specifically, each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 and, on that basis, denies generally and specifically, each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 and, on that basis, denies generally and specifically, each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 and, on that basis, denies generally and specifically, each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 and, on that basis, denies generally and specifically, each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**FIRST CAUSE OF ACTION**
(*Violations of the FCRA*)

18. In response to Paragraph 18 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 17 of the Complaint. To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained therein.

19. In response to Paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

20. In response to Paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

22. In response to Paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

24. In response to Paragraph 24 of the Complaint, states that the allegations contained in Paragraph 24 are vague and ambiguous and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to Paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

26. In response to Paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

27. In response to Paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

28. In response to Paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29. In response to Paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

30. In response to Paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

31. In response to Paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

32. In response to Paragraph 32 of the Complaint, Experian denies that Plaintiff is entitled to the relief sought, and denies, generally and specifically, each and every allegation contained therein.

33. In response to Paragraph 33 of the Complaint, Experian denies that Plaintiff is entitled to the relief sought, and denies, generally and specifically, each and every allegation contained therein.

## PRAYER FOR RELIEF

In response to the Prayer for Relief of the Complaint, including subparagraphs (A)-(G), Experian denies that Plaintiff is entitled to the relief sought, and denies, generally and specifically, each and every allegation contained therein. Experian denies, generally and specifically, each and every remaining allegation contained in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### FIFTH AFFIRMATIVE DEFENSE

### (PLAINTIFF LACKS STANDING UNDER ARTICLE III)

Plaintiff lacks standing because she has not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether Plaintiff seeks only statutory damages.

### SIXTH AFFIRMATIVE DEFENSE

### (INTERVENING/SUPERSEDING CAUSE)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

### (LACHES)

The Complaint and each claim for relief therein are barred by laches.

## NINTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

Dated: New York, New York
June 11, 2018

                                              Respectfully submitted,

                                              /s/ *Kerianne Tobitsch*
                                              Kerianne Tobitsch
                                              JONES DAY
                                              250 Vesey Street
                                              New York, NY 10281
                                              Telephone: (212) 326-8321
                                              Facsimile: (212) 755-7306
                                              Email: ktobitsch@jonesday.com

                                              *Attorneys for Defendant*
                                              *Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I, Kerianne Tobitsch, certify that on June 11, 2018, I caused the foregoing to be filed with the Clerk of the Court and served upon all counsel of record via the CM/ECF system.

/s/ Kerianne Tobitsch
Kerianne Tobitsch

*Attorneys for Defendant
Experian Information Solutions, Inc.*